Black, P. J.
Stephen I. Borsher, the appellant, is before this court on a Rule 60(b) motion to allow a late appeal from a finding of “responsible” on a civil motor vehicle infraction. The citation issued by an officer of the Sharon Police Department charged the appellant with operating his motor vehicle on a public way in the Town of Sharon at a speed that was greater than reasonable and proper, namely 51 m.p.h. in a posted 35 m.p.h. zone. The appellant’s speed was determined by radar.
The appellant claimed a Clerk-Magistrate’s hearing after which he was found “responsible” and assessed a $50 fine. He thereafter appealed to a single justice of the Stoughton Division and, following trial on October 14,1987, was again found “responsible” and ordered to pay a $50 fine. After the trial, the appellant ordered a copy of the tape of the proceeding and made inquiry about his right of further appeal. He was allegedly Ted to believe” that he had thirty days within which to file his appeal. After receipt and review of the tapes, the appellant concluded that he had a basis for an appeal and on November 13, 1987, notified the Clerk-Magistrate’s office of his desire to appeal. He was then told that his appeal was untimely. He has filed this motion in order to perfect a late appeal.
Section (d)(1) of the Uniform Rules on Civil Motor Vehicle Infractions adopted by the Boston Municipal Court, District Court and Juvenile Court *98 Departments on July 1,1986, provides that a party may claim an appeal to the appropriate Appellate Division on an “issue of law” and specifies that the appeal “shall be filed no later than ten days following the entry of thecourt¡s determination of responsibility.” By its terms, this rule mandates that appeals be filed within ten days of entry of the court’s finding, and it is our conclusion that this court is without jurisdiction to hear late appeals. We further conclude that a failure to claim a timely appeal may not be the subject of a Rule 60(b) motion under the Dist./Mun. R. Civ. P. Parenthetically, we might add that we understand that the drafters of the Uniform Rules on Civil Motor Vehicle Infractions intended that the ten day appeal period specified in section (d)(1) be jurisdictional.
Perhaps we should also note, that in this case, even if we had reached a different conclusion, the appellant fails to raise an issue of law in his appeal. The error of law alleged to have been made by the trialjudge was his refusal to admit a detailed diagram of the public way involved and the trial judge’s unwillingness to consider a written statement offered by the appellant to the Sharon Police Officer at the time of, or shortly after, he was cited by the officer. Both matters involve the admissibility of evidence, which, in this case at least, does not present issues of law subject to appellate review by this court.
The Motion to File a Late Appeal is, therefore, denied.